NO. 07-11-00504-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JUNE 8, 2012

_____

ALFREDO PECINA, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 64TH DISTRICT COURT OF HALE COUNTY;

NO. B17667-0806; HONORABLE ROBERT W. KINKAID JR., JUDGE

_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Appellant, Alfredo Pecina, entered a plea of guilty to the offense of aggravated assault with a deadly weapon.[1]  Pursuant to a plea bargain, appellant was placed on deferred adjudication for a period of ten years.  Subsequently, the State filed a motion to adjudicate appellant.  The first motion to adjudicate was dismissed.  Later, the State filed another motion to adjudicate appellant guilty and, subsequently, amended the second motion to adjudicate.  Appellant pleaded "True," without benefit of any plea

_____

[1] See TEX. PENAL CODE ANN. § 22.02(a)(2) (West 2011).

bargain, to nearly all of the allegations presented against him. After finding appellant guilty of aggravated assault, the trial court conducted a hearing on punishment. The trial court assessed appellant's punishment at confinement in the Institutional Division of the Texas Department of Criminal Justice for eleven years. This appeal followed appellant's conviction. We affirm.

Appellant's attorney has filed an Anders brief and a motion to withdraw. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed. 2d 498 (1967). In support of his motion to withdraw, counsel certifies that he has diligently reviewed the record, and in his opinion, the record reflects no reversible error upon which an appeal can be predicated. Id. at 744-45. In compliance with High v. State, 573 S.W.2d 807, 813 (Tex.Crim.App. 1978), counsel has candidly discussed why, under the controlling authorities, there is no error in the trial court's judgment. Additionally, counsel has certified that he has provided appellant a copy of the Anders brief and motion to withdraw and appropriately advised appellant of his right to file a *pro se* response in this matter. Stafford v. State, 813 S.W.2d 503, 510 (Tex.Crim.App. 1991). The court has also advised appellant of his right to file a *pro se* response. Appellant did not file a response. By his Anders brief, counsel reviewed all grounds that could possibly support an appeal, but concludes the appeal is frivolous. We have reviewed these grounds and made an independent review of the entire record to determine whether there are any arguable grounds which might support an appeal. See Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); Bledsoe v. State, 178 S.W.3d 824 (Tex.Crim.App. 2005). We have found no such arguable grounds and agree with counsel that the appeal is frivolous.

Accordingly, counsel's motion to withdraw is hereby granted and the trial court's judgment is affirmed.[2]

Mackey K. Hancock
Justice

Do not publish.

---

[2] Counsel shall, within five days after this opinion is handed down, send his client a copy of the opinion and judgment, along with notification of appellant's right to file a *pro se* petition for discretionary review. See TEX. R. APP. P. 48.4.